DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Sandusky County Court of Common Pleas, which sentenced appellant to consecutive prison terms for carrying a weapon under disability and for violating the terms of post-release control. Because we find that any error committed by the trial court was harmless, we affirm the judgment of the trial court.
 {¶ 2} On August 29, 2002, the grand jury returned a three count indictment charging appellant Dearlo Hardin with crimes allegedly committed on August 1, 2002. Count 1 of the indictment alleged assault on a peace officer, Count 2 alleged carrying a concealed weapon, and Count 3 alleged carrying a weapon under disability. On October 3, 2002, appellant pleaded guilty to the third count, and the first two were dismissed. On October 22, 2003, the trial court sentenced appellant to a ten-month prison term on the weapons charge and a twelve-month prison term for the violation of his post-release control; the sentences were to be served consecutively. Appellant appeals from that judgment, setting forth the following assignment of error:
 {¶ 3} "The trial court erred to the prejudice of appellant in sentencing the appellant, as the trial court believe[d] it was required to sentence the appellant for violating post release control."
 {¶ 4} Appellant contends in his assignment of error that the trial court sentenced appellant for violating his post-release control under the mistaken belief that a prison term was required by law for such a violation. At the sentencing hearing, after noting appellant's multiple violent offenses, his failure on probation, his failure on post-release control, his failure in the past to acknowledge his drug and alcohol problems, and the likelihood that appellant would commit future crimes, the trial court stated:
 {¶ 5} "[I]t is the sentence of this Court that you shall be placed under the Ohio Department of Rehabilitation and Correction for a term of ten months for the weapon, and twelve months for violation of your Post Release Control, which is required by law that I do that."
 {¶ 6} Similarly, in the judgment entry of sentence, the trial court indicated:
 {¶ 7} "[T]he court concludes that this defendant has demonstrated a great likelihood of recidivism. And in weighing the recidivism and seriousness factors, the Court concludes that it has no available appropriate community sanction and that prison is consistent with the purposes and principles of sentencing and is in fact required as he has violated his post release control by committing a new felony."
 {¶ 8} R.C. 2929.141(B) provides:
 {¶ 9} "(B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on parole or is serving a term of post-release control:
 {¶ 10} "(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. * * *. In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. * * *.
 {¶ 11} "(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony."
 {¶ 12} It appears from the statute that the trial court had a choice about whether to sentence appellant to a prison term for violating the terms of his post-release control, and it indicated erroneously that it had no choice. However, we find that any error committed by the trial court was harmless. First, the trial court imposed a sentence for the violation that was permitted by law. See R.C. 2929.141(B). Second, in sentencing appellant for the weapons charge, the trial court both implicitly and explicitly found that appellant was not amenable to a community control sanction. Because the court made that finding, it is clear that the court intended, whether or not it was required, to sentence appellant to prison instead of community control for the post-release violation. See State v. Salaam, 1st Dist. No. C020324,2003-Ohio-1021, at ¶ 15 (even though trial court erroneously believed that a prison term was mandatory for a certain drug offense, error was harmless as trial court's findings indicated that it intended to sentence appellant to prison in any event). Since we conclude that the trial court committed harmless error, appellant's assignment of error is found not well-taken.
 {¶ 13} Upon due consideration, the decision of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Lanzinger and Singer, JJ., concur.